UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CV 2447 |
| | ) | |
| v. | ) | Judge William J. Hibbler |
| | ) | |
| VINCENT JOHN TENUTO | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION UNDER 28 U.S.C. § 2255**

The UNITED STATES OF AMERICA, by and through its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, hereby submits its response to defendant Vincent Tenuto's motion under 28 U.S.C. § 2255. The government acknowledges that it cannot rebut defendant's prima facie showing of ineffective assistance of counsel, and agrees that defendant's period for appeal should be re-opened.

**BACKGROUND**

On August 8, 2006, defendant Vincent Tenuto was charged by a federal grand jury with two counts of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). On January 10, 2007, defendant pleaded guilty to one of the distribution counts pursuant to a written plea agreement with the government.

In his written plea agreement and in open court, defendant conceded that on or about September 16, 2005, defendant knowingly transported and shipped in interstate commerce, by means of a computer, an image of child pornography, in violation of Title 18, United

1

States Code, Section 2252A(a)(1).[1] Specifically, on or about September 16, 2005, defendant knowingly used his computer and his own AOL e-mail account to send an e-mail to another AOL subscriber, who used the screen name "Sprty83." This e-mail was routed through AOL's Virginia network. Attached to the e-mail was an image of child pornography, which depicted two nude minor females under the age of 12, lying on a bed with their genitalia displayed.

Additionally, in his written plea agreement, defendant acknowledged as relevant conduct that he knowingly possessed a computer that contained approximately 1200 images of child pornography that had been transported interstate by the use of a computer. Defendant used his computer both to receive and send images of child pornography. Some of the images of child pornography defendant received and distributed depicted violence and sadistic or masochistic conduct.

Defendant was sentenced on May 2, 2007. At sentencing, this Court determined that defendant's advisory sentencing guidelines range was 151-188 months' imprisonment. Ultimately, the Court sentenced defendant to a below-guidelines sentence of 96 months' imprisonment. Final judgment in defendant's case was entered May 7, 2007. Defendant now alleges that his attorney's failure to file a notice of appeal on his behalf constituted ineffective assistance of counsel. Defendant acknowledges that he never directed his attorney to file a notice of appeal on his behalf. *See* Memorandum of Law in Support of the

---

[1] Defendant also acknowledged in his plea agreement that "defendant understands the offense to which he will plead guilty carries a minimum penalty of five years' imprisonment."

Motion under 28 U.S.C. § 2255 at 14.

## ARGUMENT

The Supreme Court set forth the standard for determining whether counsel is deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other in *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). *Roe* created a two-pronged inquiry, in which the court must first inquire "whether counsel in fact consulted with the defendant about an appeal." *Id.* at 478. The Court defined "consulted with" to mean "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* If counsel did consult with his client, he is found to be ineffective only if he failed to follow the client's express instructions. *See id.* If counsel did not consult with his client, the court must turn to the second prong of the test, and answer the question of "whether counsel's failure to consult with the defendant itself constitutes deficient performance." *Id.* The Court then went on to hold that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either: (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 479.

In this case, defendant acknowledges that Attorney Donlevy and defendant discussed the possibility of appeal. Among other things, defendant states in his affidavit that he spoke with Attorney Donlevy "a couple of days" after his sentencing, and that defendant

specifically discussed the possibility of appealing the sentencing guidelines enhancements that defendant received. Affidavit of Vincent John Tenuto ¶ 7. Defendant further states that Attorney Donlevy advised him that an appeal "would be a waste of time and money" and that "an appeal would mean [defendant] could get more time." Affidavit of Vincent John Tenuto ¶ 7. Attorney Donlevy further confirmed this advice in a letter to defendant, dated May 10, 2007. In this letter, Attorney Donlevy stated that he saw "no solid grounds for an appeal." He further stated that defendant "may wish to consult with other counsel on the appeal issue" and that any "appeal must be filed no later than May 14, 2007."[2]

Attorney Donlevy's advice with respect to defendant's appeal was reasonable. As current defense counsel points out in defendant's "Memorandum of Law in Support of the Motion under 28 U.S.C. § 2255," the parties stipulated in defendant's plea agreement that defendant's final offense level would be *at least* a level 30. This would have resulted in a sentencing guidelines range of 97-121 months' imprisonment. Thus, defendant's sentence of 96 months was not just below the range requested by the government, but also below the range that defendant himself had anticipated in his plea agreement. And, as the Seventh Circuit has stated, "it is difficult to conceive of a sentence being unreasonably high when it is below the guidelines range." *United States v. Hughes*, 253 Fed. Appx. 592, 595 (7th Cir. 2007).[3] Moreover, Attorney Donlevy's suggestion that an appeal could result in a higher

---

[2] As the judgment in defendant's case was not entered on the docket until May 7, 2007, defendant actually could have filed a timely notice of appeal as late as May 19, 2007.

[3] Defendant's current assertion that he expected to receive probation should not be found credible, considering that he agreed in his plea agreement to a guidelines range substantially

sentence is accurate, considering that the government could have cross-appealed the Court's downward departure.

However, it does appear as though Attorney Donlevy's consultation fell below the standard required by the Supreme Court in that he did not make "reasonable effort to discover the defendant's wishes," when he sent defendant a letter a few days before the appeal period ran in which he at least arguably ended defendant's ability to consult with him by suggesting that defendant seek another attorney. While Attorney Donlevy may have just been encouraging his client to seek a second opinion, defendant's conclusion that Attorney Donlevy was attempting to withdraw from his representation also was reasonable. Moreover, as defendant notes in his motion, any such attempt to withdraw was required to be by order of court.

## **CONCLUSION**

For the foregoing reasons, the United States agrees that defendant has presented a prima facie case of ineffective assistance of counsel. The government respectfully requests that defendant's motion be granted and that his time for appeal be re-opened.

                                      Respectfully submitted,

                                      PATRICK J. FITZGERALD
                                      United States Attorney

Dated: June 3, 2008

                      By:     s/ April M. Perry

---

higher than probation, and that he acknowledged in his plea agreement that he faced a mandatory minimum of 5 years' imprisonment.

APRIL M. PERRY, AUSA
219 South Dearborn Street
Chicago, Illinois 60604
(312) 886-5966