IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff-Respondent,

v.

VINCENT JOHN TENUTO,
    Defendant-Petitioner.

No. 08 C 2447

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Vincent Tenuto seeks a writ of *habeas corpus* under 28 U.S.C. § 2255, arguing that his trial counsel was ineffective when he failed to file a notice of appeal.

In January 2007, Tenuto pleaded guilty to one count of transporting and shipping in interstate commerce an image of child pornography in violation of 18 U.S.C. § 2252A(a)(1). Under the plea agreement, Tenuto stipulated to certain Sentencing Guidelines determinations, agreeing to conduct that established his offense level at 30, for which the Guidelines recommended sentence is 97-121 months. Tenuto did not stipulate to two additional adjustments to his offense level, pursuant to U.S.S.G. § 2G2.2(b)(3)(F) and U.S.S.G. § 2G2.2(b)(6). Shortly after Tenuto pleaded guilty, his attorney passed away, and he retained another attorney, John D. Donlevy, to represent him at his sentencing. Donlevy led Tenuto and his father to believe that probation was the likely sentence in the case, despite his stipulations, the corresponding Guidelines recommended sentencing range, and a statutorily mandated minimum sentence.

At Tenuto's sentencing, Donlevy did indeed argue for a sentence of probation and also objected to the two adjustments because they were already factored into the base offense level. The Court

1

rejected Donlevy's objections to the § 2G2.2(b)(3)(F) and § 2G2.2(b)(6) adjustments, raising Tenuto's offense level to 34, for which the Guidelines recommended sentence is 151-188. The government requested a sentence within the Guidelines range, and Donlevy argued that probation was the appropriate sentence. The Court ruled that probation was not appropriate, but did depart from the Guidelines, imposing a sentence of 96 months imprisonment to be followed by a period of supervised release of five years.

After the sentencing hearing, Tenuto spoke with his family about a possible appeal, and Tenuto's father, Pasquale Tenuto approached Donlevy about appealing the sentence. Donlevy had only a brief discussion with Pasquale Tenuto before leaving to conduct other business. Later, Tenuto, who was free on bond, called Donlevy to discuss a possible appeal, though he did not explicitly instruct Donlevy to file a notice of appeal. According to Tenuto, Donlevy told him that an appeal would be a waste of time and money and would mean Tenuto could get more time. Tenuto pressed Donlevy about a potential appeal and what issues might be appealable, but Tenuto claims Donlevy seemed uninterested in discussing an appeal.

Eight days later (and two days before Tenuto's time to appeal was to lapse), Donlevy sent Tenuto a letter. In the letter, Donlevy provided Tenuto an update on a request to be housed at a specific prison and explained how good-time credit could be earned under the United States Code. Finally, Donlevy briefly discussed an appeal. Donlevy opined that he saw no solid grounds for an appeal, though did not explain to Tenuto why he saw no such grounds. Donlevy then wrote that "however, you may wish to consult with other counsel on the appeal issue." Donlevy instructed Tenuto to call if he had questions.

Tenuto argues that his counsel was ineffective in failing to ascertain whether he wished to appeal.

The Sixth Amendment guarantees that an accused has the right to "the Assistance of Counsel for his defence." U.S. Const. amend VI. The Supreme Court has recognized that this right is the right to the effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970) (collecting cases). To determine whether counsel's assistance was effective, courts apply the test set forth in *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), where a defendant must demonstrate that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defendant. *Id.*

A lawyer who disregards a defendant's specific instructions to file a notice of appeal acts in a professionally unreasonable manner. *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *see also Roe v. Flores-Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). The decision to take an appeal is a fundamental right of the defendant, like the decisions to plead guilty, to request a jury trial, or to testify on his own behalf, and not simply a matter of trial strategy. *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Where a defendant has not specifically directed his counsel to file a notice of appeal, the Supreme Court requires that counsel "consult" with the defendant. *Flores-Ortega*, 528 U.S. at 478, 120 S.Ct. 1029. This requires counsel to explain to the defendant the advantages and disadvantages of taking an appeal and to make a reasonable effort to discover the defendant's wishes. *Id.* If counsel consults with the defendant, counsel performs unreasonably only if he fails to follow the defendant's express instructions. *Id.* If counsel fails to consult with the defendant, his performance is deficient only

3

if a rational defendant would want to appeal or that the particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 480, 120 S.Ct. 1029. In order to demonstrate that counsel's failure to consult with a defendant was prejudicial, the defendant must demonstrate that but for counsel's failure to reasonably consult with him about an appeal, he would have timely appealed. *Id.* at 484, 120 S. Ct. 1029.

Although the Supreme Court has outlined the contours of counsel's obligation to consult with a defendant, the case law provides less discussion of the extent to which counsel must discuss the advantages and disadvantages and the lengths to which counsel must go in order to discover the defendant's wishes. One court held that an attorney who held multiple discussions with his client regarding the merits of an appeal, met the standard set forth by *Flores-Ortega*, where the client failed to express a desire to appeal. *Culbert v. United States*, No. 07 CV 046, 2008 WL 2062324, * 4 (E.D. Wis. May 13, 2008).

Tenuto does not dispute that Donlevy discussed the appellate process with him. Although Donlevy left the sentencing hearing without having a discussion with his client, Tenuto called him on the phone a few days later. In that conversation, Donlevy warned him that pursuing an appeal could lead to additional time. Moreover, Donlevy stated in no uncertain terms that he believed an appeal would be a waste of time and money, unlike the attorney in *Culbert* who saw potential meritorious claims on appeal. On the other hand, Tenuto claims that he pushed Donlevy to discuss what issues might be appealable, suggesting an interest in an appeal quite distinct from the defendant in *Culbert* who never raised the possibility of an appeal in discussions with her counsel. Tenuto claims that when he pressed Donlevy to discuss what issues might be appealable, Donlevy shifted the discussion to another subject.

At a minimum, it is clear that Donlevy warned Tenuto of the disadvantages of pursuing an appeal — it might lead to additional time and would cost Tenuto money. It is also clear that Tenuto never expressly requested an appeal; rather he sought only to discuss possible appealable issues. It is not clear, however, whether Donlevy, in response to Tenuto's inquiries, disregarded Tenuto's interest or instead attempted to dissuade him from pursuing a course he believed to be foolhardy. In addition, it is not clear whether Donlevy ever explained to Tenuto that the decision whether to pursue an appeal rests with him.[1]

A few days later, just prior to the deadline to file a notice of appeal, Donlevy wrote a letter in which he reiterated his position that no solid grounds for an appeal existed. If that were all that Donlevy had written, no further inquiry might be necessary. At the conclusion of the letter, however, Tenuto's attorney suggested that Tenuto "may wish to consult with other counsel on the appeal issue." Of course, only the Seventh Circuit can relieve counsel of the obligation to represent a criminal defendant. Cir. R. 51(a); *United States v. Flowers*, 789 F.2d 569, 570 (7th Cir. 1096). A recent Seventh Circuit decision further suggests that even where a defendant initially decides he would rather not appeal, counsel must remain reasonably available to defendant throughout the ten-day period to appeal should the defendant change his mind. *Corral v. United States*, 498 F.3d 470, 474 (7th Cir. 2007).

In *Corral*, the defendant initially told his lawyer that he did not wish to appeal. *Id.* at 473. At some point before the period to file a notice of appeal lapse, the defendant changed his mind and attempted to contact his attorney. Counsel, however, not only failed to return phone calls from the

---

[1] The Court notes that although it advised Tenuto that he had a right to an appeal, it did not specifically advise him that his attorney would be obligated to file a notice of appeal if he so requested. *See* Sentencing Tr. at 22.

5

defendant's wife and actually blocked calls from the defendant. *Id.* at 474-75. In other words, the defendant took affirmative steps to reach counsel and counsel took affirmative steps to avoid the defendant. The case here is slightly different. Tenuto never reached out to Donlevy after receiving the letter, although the letter itself may have mislead Tenuto into believing that Donlevy was unreachable or unwilling to file a notice of appeal.

Although the government suggests that Tenuto's motion should be granted without such a hearing, the Court is not convinced that Donlevy's assistance failed to meet the threshold set forth in *Flores-Ortega*. Consequently, an evidentiary hearing is necessary to determine whether Donlevy adequately consulted with Tenuto or whether Donlevy's letter constituted an abandonment of his duties as counsel.

IT IS SO ORDERED.

2/23/09
Dated

Hon. William J. Hibbler
United States District Court